**ROBBINS et v CITY NATIONAL BANK & TRUST CO.**

Ohio Appeals, 2nd Dist, Franklin Co.

No. 3089. Decided Oct. 13, 1939

Max Robbins, Columbus, and E. G. Lloyd, Columbus, for plaintiffs-appellants.

John A. Connor, Columbus, and Sanford I. Lakin, for defendant-appellee.

**OPINION**

By BARNES, J.

The above entitled cause is now being determined as an error proceeding by reason of plaintiff's appeal on questions of law from a judgment of the Court of Common Pleas of Franklin County, Ohio. In the trial court defendant filed a general demurrer to plaintiff's petition which on hearing was sustained; thereafter an amended petition was filed, to which a general demurrer was again interposed and sustained. Plaintiff not desiring to plead further the cause was dismissed and final judgment entered.

This is the final order from which plaintiff prosecutes error. The pertinent portion of plaintiff's amended petion, omitting purely formal allegations, reads as follows:

"Plaintiffs say that on the 8th day of May, 1934, they entered into the following agreement with Jennie Aurelio of Albany, New York,

"..., Jennie Aurelio, hereby employ Erastus G. Lloyd and Max Robbins to try to secure the release of my son, William Jerome, from the Ohio State Penitentiary. I am this day depositing in the City National Bank & Trust Company, of Columbus, Ohio, the sum of one thousand ($1000.00) dollars which I agree to pay to the said Erastus G. Lloyd and Max Robbins when and if they secure the release of the said William Jerome. I hereby authorize the City National Bank & Trust Company of Columbus, Ohio, to turn over and transfer to Erastus G. Lloyd and Max Robbins the sum of one thousand ($1000.00) dollars that I have deposited in said bank or the day and at the time that my son William Jerome shall be released.

The said Erastus G. Lloyd and Max Robbins on their part agree to diligently and with best of their ability to try to secure the release of my son William Jerome from the Ohio State Penitentiary.

(Signed by)

her                    Jennie Aurelio
   X
mark                   E. G. Lloyd
                       Max Robbins
Witnessed by
       Mrs. John Bartolucci
       Mrs. Rose Clark."

"Plaintiffs say that on the 8th day of May, 1934, pursuant to said agreement, the said sum of one thousand ($1000.00) dollars accompanied with a copy of the aforesaid agreement was deposited in escrow with the defendant, the City National Bank & Trust Company by the parties to said agreement.

"Plaintiffs say that on the 23rd day of October, 1937, without notice to the plaintiff and without their consent, the defendant unlawfully and wrongfully released and turned back to the said Jennie Aurelio the sum of one thousand ($1000.00) dollars deposited with said bank as aforesaid, in breach of the escrow arrangement and agreement and in violation of the rights and interests of these plaintiffs in the said escrow arrangement and agreement and their interest in and concerning said deposit.

"Plaintiffs say that the conduct of the the defendant bank, herein complained of as aforesaid has damaged them in the sum of one thousand ($1000.00) dollars.

"Wherefore plaintiff prays judgment against the defendant in the sum of one thousand ($1000.00) dollars and their costs herein expended."

The sole and only question for determination is whether or not the amended petition states a cause of action against the defendant.

We have no difficulty in determining that the petition does not state a cause of action and that the trial court was correct in sustaining the demurrer and dismissing the petition.

Plaintiffs apparently have the erroneous idea that by reason of the fact that the petition alleges wrongful conduct on the part of the bank, that thereby they are entitled to recover. There are no allegations in the petition that plaintiffs were entitled to the fund and this is vital to their claimed cause of action. It is never sufficient to merely allege a wrong on the part of a defendant, but the petition must contain the further allegation as to plaintiff's rights and that the alleged wrong deprives them of their rights.

Under no circumstances would the plaintiffs be entitled to the fund until they performed their part of the contract. This would be a condition precedent not only as against Jennie Aurelio, but likewise against the bank. When and if the plaintiff had performed the contract and not until then would they have the right to demand from the escrow agent the deposit fund.

The petition being defective in this particular no cause of action is stated.

The judgment of the lower court will be affirmed and costs adjudged against plaintiffs. Cause will be remanded for further proceedings according to law.

Entry may be drawn accordingly.

HORNBECK, PJ. & GEIGER, J., concur.